UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KELVIN J MILES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:21-cv-00756 (UNA) |
| | ) | |
| | ) | |
| KHALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, is incarcerated at the Federal Medical Center located in Rochester, Minnesota ("FMC Rochester").  He has filed an application for leave to proceed *in forma pauperis* ("IFP") and has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, though the specific relief sought is unclear.  He has named his present warden at FMC Rochester as the sole respondent.  However, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").  Consequently, to the extent that petitioner does, in fact, seek relief pursuant to Section 2241, he must file his petition in the United States District Court for the District of Minnesota.

Furthermore, though petitioner has sued his warden and the petition cites to Section 2241, the pleading also contains vague allegations seemingly challenging his conviction and sentencing in the Superior Court for the District of Columbia, and the outcome of his appeal before the District of Columbia Court of Appeals.  These allegations are rambling and difficult to understand; he

1

appears to challenge actions taken by his trial counsel, his appellate counsel, and his co-defendant's appellate counsel.

Unlike prisoners convicted in state courts or in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his intended grounds for relief.

While there is a narrow exception that allows this court to potentially review a "federal habeas petition asserting ineffective assistance of appellate counsel," it may do so only after a petitioner has "moved to recall the mandate in the [District of Columbia] Court of Appeals." *Williams* 586 F.3d at 999; *see also Watson v. United States*, 536 A.2d 1056, 1060–61 (D.C. 1987)

(en banc); D.C. Rule 41(f).  Here, there is no indication that petitioner has moved to recall the mandate, and more importantly, any ostensible claims against his appellate counsel are incomprehensible, as pled.  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the Court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).   Petitioner has failed to comply with these parameters and has further failed to name the appropriate respondent(s), if he does, in fact, seek to challenge his sentence and conviction.

For these reasons, the court will grant the application to proceed IFP and dismiss the petition without prejudice. Petitioner's accompanying motion for hearing will be denied as moot. An order accompanies this memorandum opinion.

Dated: 5/12/21

TREVOR N. McFADDEN
United States District Judge